UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SHAWN K. DAVIS, | ) |
|     Plaintiff | ) ) ) |
| v. | )    1:25-cv-00515-JAW ) |
| WASHINGTON COUNTY JAIL MEDICAL STAFF, et al., | ) ) ) |
|     Defendants | ) ) |

**RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S COMPLAINT**

Plaintiff, who is in custody at the Aroostook County Jail, filed a complaint against the medical staff at the Washington County Jail, where Plaintiff was previously in custody. (Complaint, ECF No. 1.) In addition to his complaint, Plaintiff filed an application to proceed without prepayment of fees (ECF No. 2), which application the Court granted. (Order, ECF No. 4.)

In accordance with the statute that governs actions where a plaintiff proceeds without prepayment of fees, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2). Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). After a review of Plaintiff's complaint, I recommend the Court dismiss the matter without prejudice.

## FACTUAL ALLEGATIONS

Plaintiff alleges the following:

> On May 5, 2025, I arrived at Washington Co. jail.  I informed the staff I was diabetic.  They chose not to believe me.  A couple of days later during outside rec I complained of dizziness and was told to sit on a bench for the remainder of rec.  This was for about 15 min.  Once I got back in my cell I fainted, was then tested my blood sugar.  Upon the results of test the staff administered insulin for a type one.  Since this I have pain in my abdomen area and inflamed liver.

(Complaint at 3.)  Plaintiff alleges Defendant is liable for negligence (medical malpractice) and cruel and unusual punishment.

## LEGAL STANDARD

28 U.S.C. § 1915 is designed to ensure meaningful access to the federal courts for individuals unable to pay the cost of bringing an action.  When a party is proceeding pursuant to § 1915, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the

benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A self-represented plaintiff is not exempt from this framework, but the court must construe his complaint 'liberally' and hold it 'to less stringent standards than formal pleadings drafted by lawyers.'" *Waterman v. White Interior Sols.*, No. 2:19-cv-00032-JDL, 2019 WL 5764661, at *2 (D. Me. Nov. 5, 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). "This is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim." *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980).

## DISCUSSION

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. From this prohibition, "courts have derived the principles that govern the permissible conditions under which prisoners are held and that establish the medical treatment those prisoners must be afforded." *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "The Eighth Amendment, applied to the states through the Fourteenth Amendment, protects incarcerated people from state corrections officials' 'deliberate indifference to serious medical needs.'" *Zingg v. Groblewski*, 907 F.3d 630, 634-35 (1st Cir. 2018) (quoting *Feeney v. Corr. Med. Servs.*, Inc., 464 F.3d 158, 161-62 (1st Cir. 2006); *see Perry v. Roy*, 782 F.3d 73, 78 (1st Cir. 2015). To allege "a claim of deliberate indifference based on inadequate or delayed medical care, 'a plaintiff must satisfy both a subjective and objective

inquiry.'" *Perry*, 782 F.3d at 78 (quoting *Leavitt v. Corr. Med. Servs.*, 645 F.3d 484, 497 (1st Cir. 2011)).

To demonstrate a claim under the objective prong, a plaintiff "must show that []he has a serious medical need for which []he has received inadequate treatment." *Kosilek*, 774 F.3d at 85. For a medical condition to be objectively "serious," there must be "a sufficiently substantial 'risk of serious damage to [the inmate's] future health.'" *Farmer*, 511 U.S. at 843 (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). This "requires that the need be 'one that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" *Kosilek*, 774 F.3d at 82 (quoting *Gaudreault v. Municipality of Salem, Mass.*, 923 F.2d 203, 208 (1st Cir. 1990)). However, this "does not impose upon prison administrators a duty to provide care that is ideal, or of the prisoner's choosing." *Id.* (citations omitted). "Rather, the Constitution proscribes care that is 'so inadequate as to shock the conscience.'" *Id.* at 83 (quoting *Torraco v. Maloney*, 923 F.2d 231, 235 (1st Cir. 1991)).

Under the subjective prong, "a plaintiff must show 'that prison officials possessed a sufficiently culpable state of mind, namely one of deliberate indifference to an inmate's health or safety.'" *Perry*, 782 F.3d at 78 (quoting *Leavitt*, 645 F.3d at 497). Thus, "even if medical care is so inadequate as to satisfy the objective prong, the Eighth Amendment is not violated unless prison administrators also exhibit deliberate indifference to the prisoner's needs." *Kosilek*, 774 F.3d at 83. "For purposes of this subjective prong, deliberate indifference 'defines a narrow band of conduct,' and requires evidence that the

failure in treatment was purposeful." *Id.* (citation omitted) (quoting *Feeney*, 464 F.3d at 162); *see Perry*, 782 F.3d at 79 (stating that deliberate indifference "requires evidence that the absence or inadequacy of treatment is intentional"). A constitutional claim may arise when "the treatment provided [was] so inadequate as 'to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind.'" *Leavitt*, 645 F.3d at 497 (quoting *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). However, "when a plaintiff's allegations simply reflect a disagreement on the appropriate course of treatment, such a dispute with an exercise of professional judgment may present a colorable claim of negligence, but it falls short of alleging a constitutional violation." *Feeney*, 464 F.3d at 162 (alterations and quotation marks omitted). Moreover, "[p]rison officials 'who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk, even if the harm ultimately was not averted.'" *Giroux v. Somerset County*, 178 F.3d 28, 33 (1st Cir. 1999) (quoting *Farmer*, 511 U.S. 825 at 844); *see Burrell v. Hampshire Cnty.*, 307 F.3d 1, 8 (1st Cir. 2002) (recognizing that the focus of the deliberate indifference analysis "is on what the jailers knew and what they did in response").

In this case, Plaintiff's assertion that he suffers from type one diabetes is sufficient to satisfy the "serious medical need" element of a deliberate indifference claim. Plaintiff's allegation that Defendant did not believe his report that he was diabetic and advised him to sit when he felt dizzy, however, is insufficient to support a finding that the care was "so inadequate as to shock the conscience." *Kosilek*, 774 F.3d at 83. Plaintiff provides no facts regarding his communications with medical personnel at the jail regarding his condition,

including whether he reported his symptoms, if he had been previously treated for diabetes, or if he required insulin before he entered the jail. Without more facts, Plaintiff's allegations are insufficient to satisfy the objective prong of the deliberate indifference standard.

Even if the Court were to construe Plaintiff's allegations to satisfy the objective prong, Plaintiff has failed to allege facts that would satisfy the subjective component of the deliberate indifference analysis. Plaintiff has not identified the individual medical staff members who allegedly failed to provide adequate treatment, explained what a staff member knew about Plaintiff's condition, or described the actions or inactions of a staff member. Plaintiff, therefore, has not alleged facts from which a fact finder could plausibly conclude that a medical staff member purposefully failed to provide adequate treatment. *See Kosilek*, 774 F.3d at 83. (Subjective prong "requires evidence that the failure in treatment was purposeful.").

Because Plaintiff has not alleged facts that would support a deliberate indifference finding, Plaintiff has not alleged a federal claim. Plaintiff, however, also alleges that Defendant was negligent. Negligence is a state law claim. The Court need not comment on whether Plaintiff's allegations are sufficient to sustain a negligence claim. Because Plaintiff has not alleged an actionable federal claim, given the early stage of the proceeding, the Court should not exercise supplemental jurisdiction over any state law claims. *See Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995) ("As a general principle, the unfavorable disposition of a plaintiff's federal claims at the early stages of a

suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims"). Accordingly, dismissal of the matter is warranted.

## CONCLUSION

After a review of Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, for the reasons explained above, I recommend the Court dismiss the matter without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 17th day of October, 2025.